UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

JAMES E. CAFFREY )
)
        Plaintiff, )
v. )        CIVIL ACTION NO.:
)        3:02 CV 1884 (CFD)
)
METRO-NORTH RAILROAD )
COMPANY, CONSOLIDATED RAIL )
CORPORATION and AMERICAN )
FINANCIAL GROUP, INC., f/k/a )
AMERICAN PREMIER )
UNDERWRITERS, INC., )
f/k/a PENN CENTRAL CORPORATION. )
)
        Defendants. )
_____)    July 30, 2003

**DEFENDANTS, CONSOLIDATED RAIL CORPORATION AND AMERICAN FINANCIAL GROUP INC.'S, RESPONSES TO PLAINTIFF, JAMES E. CAFFREY'S, FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

**PRELIMINARY STATEMENT/GENERAL OBJECTIONS**

Consolidated Rail Corporation ("Conrail") and Penn Central Corporation ("Penn

Central") object to the plaintiff's characterization or any characterization of the defendants as

also including various alleged corporate predecessors, and to the implied request for

information concerning alleged "predecessors," and to the implied request for information

concerning alleged "related railroad entities" and/or "corporate predecessors."

Conrail objects because on April 1, 1976, pursuant to Section 303 of the Rail Act (45

1

U.S.C. § 743(b)), various rail properties of Penn Central were conveyed to Conrail, and Congress provided in Section 303 of the Rail Act that "all rail properties conveyed to the corporation (Conrail)… shall be conveyed free and clear of any liens or encumbrances," except certain types of leases.  Any pre-conveyance liability of an estate of a railroad in reorganization remained the obligation of the estate of the respective debtor.  Accordingly, Conrail has no predecessors and is not a successor-in-interest or in liability to any other entity.

Penn Central objects because all transfers of properties of the trustees of Penn Central, in accordance with the Plan of Reorganization to the Penn Central Corporation (the reorganized Penn Central Transportation Company) were effected pursuant to the Consummation Order and Final Decree and thus transferred free and clear of all claims, rights, demands, interests, liens and encumbrances of every kind and character whether or not properly or timely files and whether or not approved, acknowledged or allowed in the bankruptcy proceedings unless otherwise provided for in the Plan of Reorganization by the debtor, Penn Central.

Penn Central also objects to the plaintiff's *Requests for Production of Documents* because the plaintiff was never employed by Penn Central Corporation.  Moreover, Penn Central Corporation has never been a common carrier by rail.

A reasonable inquiry and investigation has been made, by the named, answering defendants prior to responding to the plaintiff's *Requests for Production of Documents*. Answers are based on information available to those involved in the defense of this litigation, after the investigation and inquiry described above, and on information available in the

2

*Complaint* or available employment records.  The defendants, Conrail and Penn Central, object to any inquiry regarding any location other than where the plaintiff worked, as overly broad, burdensome and irrelevant to any issue before the Court and beyond the scope of the Rule of Civil Procedure.  Accordingly, if the Request is interpreted as being directed to any location other than the locations where the plaintiff worked, these defendants object to the Request as being overly broad, burdensome, vague, ambiguous and beyond the scope of the Rule of Civil Procedure.

The responding parties object to these requests to the extent that they call for materials that are within the attorney-client privilege or the work product doctrine.  Due to the breadth of the time periods covered herein and the breadth of the subject matter and the continuing nature of the responding parties' investigation and inquiry, the responding parties object to further designation of any documents with the privilege or the doctrine.

The defendants, Conrail and Penn Central, object to each Request on the grounds that they are overbroad and fail to set forth simple statements of fact to which a response can be made.  Each Request sets forth statements with respect to lengthy periods of years with no limitation as to precise shop locations, parties involved or any other aspect of the statement. Furthermore, Conrail and Penn Central, by responding to these requests in the affirmative, do not concede that the statements are true at every location and at every time period involved.  It is impossible for the defendants to so respond.  Admission of one instance of conduct does not constitute an admission that the defendants condone or permitted such conduct.

3

All objections set forth in this introduction are incorporated by reference in each response set forth below.

In an attempt, however, to respond to the plaintiff's *Requests*, but without having waived any objection thereto, including all objections set forth above that are incorporated by reference, the defendants, Conrail and Penn Central, respond as follows:

REQUEST NO. 1:

Any and all payroll documentation together with all schedules and attachments concerning wage and salary information during Plaintiff's tenure with Defendant Consolidated Rail Corporation and Penn Central.

RESPONSE NO. 1:    Conrail and Penn Central:

To the extent that such information is available to Conrail and Penn Central, it would be contained within the plaintiff's "Personnel Records," which are attached hereto.  By way of further response, please see Preliminary Statement/General Objections.  As discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial.

REQUEST NO. 2:

All documents reflecting or pertaining to any examinations, treatment or testing of plaintiff's hearing and ears at any time, including any calculations, measurements, or test results of Plaintiff's hearing.

RESPONSE NO. 2:    Conrail and Penn Central:

To the extent that such information is available to Conrail and Penn Central, it would be

4

contained within the plaintiff's "Medical Records," which are attached hereto. As discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial.

REQUEST NO. 3:

All documents reflecting or pertaining to any medical treatment or examinations of Plaintiff.

RESPONSE NO. 3:    Conrail and Penn Central:

Please see Response to Request No. 2. As discovery is ongoing, Conrail and Penn Central reserve the right to supplement/amend this Response prior to trial.

REQUEST NO. 4:

All documents reflecting or pertaining to the testing of noise levels at any location where Plaintiff worked for Defendant Consolidated Rail Corporation and Penn Central.

RESPONSE NO. 4:    Conrail and Penn Central:

Objection.  Please see Preliminary Statement/General Objections.  Conrail and Penn Central object to Request for Production No. 4 to the extent that it is overly broad, unduly burdensome, not relevant, nor reasonably calculated to lead to the discovery of admissible evidence in that it is not limited to the plaintiff, his craft, dates of employment, and/or the equipment operated by the plaintiff or in his immediate vicinity.  Conrail and Penn Central further object to this Request on the ground that discovery is continuing and the defendants are unaware of all the locations that the plaintiff worked for the defendants.  Such information is more within the knowledge of the plaintiff than the defendants.  By way of further response, please see Response to

5

Request No. 4. As discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial.

REQUEST NO. 5:

All documents published by Defendant Consolidated Rail Corporation and Penn Central or any organization or other group with which Defendant is or has been affiliated referring to noise exposure to railroad workers.

RESPONSE NO. 5:    Conrail and Penn Central:

Please see Preliminary Statement/General Objections. Additionally, Conrail and Penn Central object to Request No. 5 in that it is overly broad, unduly burdensome, not relevant, nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it requests information that is not specific to the plaintiff, the location(s) at which the plaintiff has worked over the course of his career with the defendants, the machinery actually operated by the plaintiff and/or in the plaintiff's immediate vicinity, or the period during which the plaintiff had been employed by Conrail and Penn Central. Furthermore, Conrail and Penn Central object to this Request to the extent it seeks information protected from discovery by the attorney/client privilege and/or the attorney work product doctrine. As discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial.

REQUEST NO. 6:

All reports of expert witnesses employed by Defendant Consolidated Rail Corporation and Penn Central or their attorneys concerning hearing loss.

6

RESPONSE NO. 6:    Conrail and Penn Central:

Please see Preliminary Statement/General Objections.  Additionally, Conrail and Penn Central object to Request No. 6 on the basis that same seeks information that is beyond the scope of allowable discovery.  Conrail and Penn Central further object to this Request to the extent that the same seeks information which constitutes attorney work product and/or materials prepared in anticipation of litigation.  Without waiving these objections, Conrail and Penn Central state as follows: As of this time, they have not retained any expert witnesses.  The defendants will provide copies of their expert reports at a time in advance of trial as required by the applicable Court's Order and Rules of Civil Procedure.  As discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial.

REQUEST NO. 7:

All documentation prepared by OSHA or any other federal or state agency or public or private entity relating to noise levels at Defendant Consolidated Rail Corporation and Penn Central's place of business.

RESPONSE NO. 7:    Conrail and Penn Central:

Please see Preliminary Statement/General Objections. Additionally, Conrail and Penn Central object to Request No. 7 on the basis that same is overly broad, unduly burdensome, not relevant, nor reasonably calculated to lead to the discovery of admissible evidence to the extent that the requested information is not specific to the plaintiff, the locations at which the plaintiff has worked over the course of his career with the defendants, the machinery actually operated by the

plaintiff and/or operated in the plaintiff's immediate vicinity, or the dates which the plaintiff has been employed by the defendants.  By way of further response, please see Response No. 4.  As discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial.

REQUEST NO. 8:

    All documents from any source warning or informing Defendants of exposure to noise.

RESPONSE NO. 8:   Conrail and Penn Central:

    Please see Response No. 3.  As discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial.

REQUEST NO. 9:

    All documents relating to the availability of ear protectors furnished by Defendant Consolidated Rail Corporation and Penn Central to Plaintiff.

RESPONSE NO. 9:   Conrail and Penn Central:

    Objection. Please see Preliminary Statement/General Objections.  Additionally, Conrail and Penn Central object to Request No. 9 in that the defendants' records keeping policies do not include a continuing list of hearing protection equipment provided to a specific individual, as such records are not the type the defendants maintained or were required to maintain in the ordinary course of business.

    Moreover, the defendants object in that specific information requested is more within the knowledge of the plaintiff.  Thus, the defendants are unable to respond to this Request with any

8

particular specificity.  Without waiving these objections, Conrail and Penn Central state: Please see Answer to Interrogatory No. 7.  As discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial.

REQUEST NO. 10:

All photographs of ear protection devices used or made available to Plaintiff by Defendant Consolidated Rail Corporation and Penn Central.

RESPONSE NO. 10:  Conrail and Penn Central:

Please see Preliminary Statement/General Objections.  Additionally, please see Response No. 9.  As discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial.

REQUEST NO. 11:

All documents pertaining to noise exposures by Defendant Consolidated Rail Corporation and Penn Central.

RESPONSE NO. 11:  Conrail and Penn Central:

Please see Preliminary Statement/General Objections.  Additionally, Conrail and Penn Central object to Request No. 11 on the basis that it calls for the defendants to assume facts not presently made part of the record with respect the plaintiff's exposure to occupational noise or to generalize with respect to noise and the occupation of railroad employees.  Mere exposure to occupational or individual noise does not necessarily result in hearing loss in humans.  The defendants further object in that this Request is overly broad, not relevant, nor reasonably

calculated to lead to the discovery of admissible evidence to the extent that it requests information that is not specific to the plaintiff, the locations at which the plaintiff worked over the course of his career with the defendants, the machinery actually operated by the plaintiff and/or operated in the immediate vicinity of the plaintiff, or not relevant to the period during which the plaintiff has been employed by the defendants. The defendants further object to this Request to the extent that it creates an implication, whether explicitly or implicitly that the plaintiff was exposed to deleterious levels of noise. This is an implication that the defendants specifically deny. Without waiving these objections, Conrail and Penn Central state as follows: Please see Answer to Interrogatory No. 3. As discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial.

REQUEST NO. 12:

All documents reflecting or pertaining to complaints made by Plaintiff or other person or entities regarding noise levels at Defendant Consolidated Rail Corporation and Penn Central.

RESPONSE NO. 12: Conrail and Penn Central:

Objection. Please see Preliminary Statement/General Objections. The defendants further object to Request No. 12 on the grounds that same is overly broad, unduly burdensome, not relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it requests information that is not specific to the plaintiff, the locations at which the plaintiff worked over the course of his career with the defendants, the machinery actually operated by the plaintiff and/or operated in the immediate vicinity of the plaintiff, or not relevant to the period

10

during which the plaintiff has been employed by the defendants.  However, without waiving these objections, Conrail and Penn Central state as follows: The information requested is not kept in the ordinary course of the defendants' business. As discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial.

REQUEST NO. 13:

All written or recorded statements or memoranda of conversations by Plaintiff.

RESPONSE NO. 13:  Conrail and Penn Central:

The defendants object to Request No. 13 on the grounds that same is overly broad.  Without waiving this objection, Conrail and Penn Central state as follows: The defendants are not aware of any written or recorded statements or memoranda of conversations by the plaintiff.  However, the defendants expressly reserve any defense predicated upon the plaintiff's contributory acts and/or omissions discovery prior to trial.  As discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial.

REQUEST NO. 14:

All documents reflecting or pertaining to Defendant Consolidated Rail Corporation's and Penn Central's knowledge of alleged problems posed by noise exposure.

RESPONSE NO. 14:  Conrail and Penn Central:

Please see Preliminary Statement/General Objections.  Additionally, the defendants object to Request No. 14 on the basis that it calls for the defendants to assume facts not presently made part of the record with respect to the plaintiff's exposure to industrial noise.  It is impossible to

generalize with respect to occupational noise or with respect to noise and the occupation of railroad employees. Mere exposure to occupational or industrial noise does not necessarily result in hearing loss in humans. The defendants further object in that this Request is overly broad, not relevant, nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it requests information that is not specific to the plaintiff, the locations at which the plaintiff worked over the course of his career with the defendants, the machinery actually operated by the plaintiff and/or operated in the immediate vicinity of the plaintiff, or not relevant to the period during which the plaintiff has been employed by the defendants. As discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial.

REQUEST NO. 15:

All documents reflecting or pertaining to Plaintiff's knowledge of alleged problems posed by noise exposure.

RESPONSE NO. 15:  Conrail and Penn Central:

Please see Answer to Interrogatory No. 3. As discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial.

REQUEST NO. 16:

Any and all statements of any other person or employee concerning any of the matters surrounding Plaintiff's alleged harmful exposures, illness or working conditions.

RESPONSE NO. 16:  Conrail and Penn Central:

Objection. Statements taken, if any, were done in anticipation of litigation and are not

properly discoverable under the Rule of Civil Procedure.  As discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial.

REQUEST NO. 17:

All medical records and/or reports in your possession or control pertaining to Plaintiff including but not limited to Plaintiff's complete medical file.

RESPONSE NO. 17:  Conrail and Penn Central:

Please see the plaintiff's "Medical Records," which are attached hereto.  As discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial.

REQUEST NO. 18:

Any records in your control which identify the jobs, job sites or job categories held by Plaintiff throughout his working life including but not limited to Plaintiff's wage records, attendance records and complete Personnel file.

RESPONSE NO. 18:  Conrail and Penn Central:

The defendants object to Request No. 18 on the grounds that the same is overly broad, not relevant, nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it requests information that is not specific to the plaintiff, the locations at which the plaintiff worked over the course of his career with the defendants, the machinery actually operated by the plaintiff and/or operated in the immediate vicinity of the plaintiff, or not relevant to the period during which the plaintiff has been employed by the defendants.  Although the defendants maintain records which generally reflect the positions at which the plaintiff worked over the course of his

13

career with the defendants, the actual job duties performed by employees with the same job classification vary.  As a result, the equipment and/or machinery used and/or operated by the plaintiff or in the plaintiff's immediate vicinity vary.  Therefore, the defendants are unable to provide a more specific response.  However, without waiving these objections, Conrail and Penn Central state as follows:  To the extent that such information is available to the defendants, it would be contained within the plaintiff's "Personnel Records," which are attached hereto.  As discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial.

REQUEST NO. 19:

Any other internal file material generated on Plaintiff including, but not limited to, disciplinary actions or proceedings, commendations, disability or illness records, accident reports and efficiency evaluations which made up or comprise the Plaintiff's personnel files.

RESPONSE NO. 19:  Conrail and Penn Central:

Please see Response No. 18.  As discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial.

REQUEST NO. 20:

Any and all models, diagrams, schematics or charts, which depict the layout or physical arrangement of your railroad shops in which the Plaintiff worked.

RESPONSE NO. 20:  Conrail and Penn Central:

Objection.  The defendants object to the plaintiff's use of the term "physical arrangement"

14

as vague, ambiguous and speculative. The defendants further object to this Request insofar as it seeks to require the disclosure of matters depicted in photographs or drawings that were prepared in anticipation of litigation or trial and are not subject to disclosure in this matter pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure. The defendants also object to this Request insofar as it seeks to require disclosure of matters depicted in any photograph or drawing that would, in effect, be disclosure of photographs or drawings themselves and the defendants are not required to disclose such material until after the completion of discovery, including the taking of the plaintiff's deposition. *See* Martin v. Long Island Railroad Company, 63 F.R.D. 53 (E.D.N.Y. 1974); Snead v. American Export-Isbrandsten Lines, Inc., 59 F.R.D. 148 (E.D. Pa. 1973). As discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial.

REQUEST NO. 21:

Any and all records, documentation, notices or other printed material relevant to the implementation of regularly scheduled physical examinations for your employees, officers and directors.

RESPONSE NO. 21: Conrail and Penn Central:

The defendants object to Request No. 21 on the grounds that the same is overly broad, not relevant, nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it requests information that is not specific to the plaintiff, his craft, work locations or dates of employment. Without waiving said objection, Conrail and Penn Central state as follows: Please see Response No. 2. As discovery is ongoing, Conrail and Penn Central reserve the right to

supplement this Response prior to trial.

REQUEST NO. 22:

Any photographs, copies of photographs, or any periodicals containing photographs which show the inside of your railroad shops, in which the Plaintiff worked between the time period of 1976 to the present.

RESPONSE NO. 22:   Conrail and Penn Central:

The defendants object to Request No. 22 on the grounds that the same requests information that is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not specific to the plaintiff, his craft, work locations or dates of employment. Without waiving this objection, Conrail and Penn Central state as follows: Please see Response No. 20. As discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial.

REQUEST NO. 23:

Produce a copy of your "Medical Standards Manual" as well as any predecessor volumes of this manual, which are currently in your possession.

RESPONSE NO. 23:   Conrail and Penn Central:

The defendants state that they are not in possession, custody or control of any "Medical Standards Manual." As discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial.

16

REQUEST NO. 24:

Produce any safety book or rulebook issues to employees of Defendant Consolidated Rail Corporation and Penn Central at its facilities, if any, which contain instructions on the appropriate methods of performing their jobs:

(a)    to avoid creating excessive noise;

(b)    to protect the employee from adverse effects of such noise; or

(c)    provides that violation of such rules would be cause for some penalty against the offending employee.

RESPONSE NO. 24    Conrail and Penn Central:

The defendants object to Request No. 24 on the grounds that the same is overly broad, unduly burdensome, not relevant, nor reasonably calculated to lead to the discovery of admissible evidence.  Without waiving this objection, Conrail and Penn Central state as follows: Please see Answer to Interrogatory No. 3.  As discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial.

REQUEST NO. 25:

Any communications, instructions, directions or orders to any supervisory personnel that refers, reports, or relates to hearing loss or noise protection.

RESPONSE NO. 25:  Conrail and Penn Central:

The defendants object to Request No. 25 on the grounds that the same is overly broad,

unduly burdensome, vague, ambiguous and seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Without waiving this objection, Conrail and Penn Central state as follows: Please see Answer to Interrogatory No. 25.  As discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial.

REQUEST NO. 26:

Produce any and all copies and samples of hearing protection provided to Plaintiff.  Please include any and all purchase orders, bills and any documentation indicating when said equipment was first purchased and available to defendant Consolidated Rail Corporation and to Penn Central.

RESPONSE NO. 26:  Conrail and Penn Central:

Objection.  Please see Preliminary Statement/General Objections.  Without waiving these objections, Conrail and Penn Central state as follows: Please see Answer to Interrogatory No. 7. As discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial.

REQUEST NO. 27:

With regard to defendant Consolidated Rail Corporation's and Penn Central's hearing testing program, please provide any and all documentation concerning any statistics or figures on average hearing loss, total hearing loss or any statistics complied with regard to the hearing testing program conducted by the Defendant Consolidated Rail Corporation and Penn Central.

RESPONSE NO. 27:  Conrail and Penn Central:

The defendants are not in possession, custody or control of any documents which are

responsive to this Request.  As discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial.

REQUEST NO. 28:

Produce a copy of any and all correspondence, memoranda or tangible evidence in whatever form concerning any safety meetings, safety minutes, safety booklets, safety information or any tangible evidence concerning any written safety materials utilized at said safety meetings.

RESPONSE NO. 28:  Conrail and Penn Central:

The defendants object to Request No. 28 on the grounds that the same is overly broad, ambiguous, vague, overly burdensome, oppressive and not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Without waiving this objection, Conrail and Penn Central state as follows: Please see Answer to Interrogatory Nos. 3 and 7.  As discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial.

REQUEST NO. 29:

Produce a copy of any and all tests, reports, examinations, studies, surveys or results in whatever tangible form concerning any and all inspections concerning noise levels.

RESPONSE NO. 29:  Conrail and Penn Central:

The defendants object to Request No. 29 to the extent that it is overly broad, burdensome, not relevant nor reasonably calculated to lead to the discovery of admissible evidence in that the requested information is not specific to the plaintiff, his craft, his work locations or dates of employment.  Without waiving this objection, Conrail and Penn Central state as follows: Please see

Answer to Interrogatory No. 4. As discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial.

REQUEST NO. 30:

Produce a copy of any and all personnel or employee records pertaining to the Plaintiff and kept in the possession of the Defendant Consolidated Rail Corporation or the Penn Central.

RESPONSE NO. 30:  Conrail and Penn Central:

Please see Response No. 1. As discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial.

REQUEST NO. 31:

Any studies commissioned by the Association of American Railroads (through a technical research organization in Canada) for the purpose of determining human factors hazards inside locomotive cabs.

RESPONSE NO. 31:  Conrail and Penn Central:

The defendants object to Request No. 31 for its use of the term "human factor hazards" as vague and ambiguous. The defendants further object to this Request on the grounds that the same seeks information not specific to the plaintiff, his craft, his work locations or dates of employments. As discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial.

REQUEST NO. 32:

Any "Lawshe Reports" (which were commissioned by the Association of American

Railroads) which implicate certain known and understood work hazard specifically associated with the Plaintiff's job.

RESPONSE NO. 32:  Conrail and Penn Central:

The defendants object to Request No. 32 on the basis that the same is vague and ambiguous in the use of the term "work hazards."  The defendants further object to this Request on the ground that the same is overly broad, burdensome, not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  The defendants further object to this Request in that it carries an implication, explicitly or implicitly, that the defendants' business is inherently dangerous and creates conditions which are dangerous, implications which are specifically denies.  The defendants further object to this Request on the grounds that the same seeks information not specific to the plaintiff, his craft, work locations, the machinery operated by the plaintiff and/or in the plaintiff's immediate vicinity, or his dates of employment.  As discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial.

REQUEST NO. 33:

All documents from the medical and surgical section of the Association of American Railroads relating in any way to noise-induced hearing loss.

RESPONSE NO. 33:  Conrail:

Objection. Please see Preliminary Statement/General Objections.  Conrail further objects to this Request to the extent that it is overly broad, unduly burdensome, harassing and not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Without waiving these

objections, Conrail states as follows: Conrail is aware that the Association of American Railroad ("AAR") conducts meeting of the medical and surgical officers to discuss a variety of safety and health concerns in the railroad industry. However, Conrail does not keep record, in the normal course of its business, that reflect which annual meetings were actually attended by Conrail or the topics discussed. As discovery is ongoing, Conrail reserves the right to supplement this Response prior to trial.

Penn Central:

     Not applicable.

REQUEST NO. 34:

     Any agreements with the Plaintiff or his representative in any way pertaining to the statute of limitations.

RESPONSE NO. 34:   Conrail & Penn Central:

     None. As discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial

REQUEST NO. 35:

     Any notice to the Plaintiff that he has an impairment to his hearing.

<u>RESPONSE NO. 35:</u>  Conrail & Penn Central:

     Please see Response No. 2.  As discovery is ongoing, Conrail and Penn Central reserve the

right to supplement this Response prior to trial

 

                    Respectfully submitted,
CONSOLIDATED RAIL CORPORATION and
AMERICAN FINANCIAL GROUP, INC.,
By their Attorneys,

 

_____
Michael B. Flynn,#ct21215
Lori A. McCarthy #ct19557
FLYNN & ASSOCIATES, P.C.
189 State Street, Sixth Floor
Boston, MA 02109
(617)722-8253
(617)722-8254 (facsimile)

## CERTIFICATION

This is to hereby certify that a copy of the foregoing has been mailed, postage prepaid, this 30th day of July, 2003, to the following:

Scott E. Perry, Esq.
Cahill & Goetsch, P.C.
43 Trumbull Street
New Haven, CT 06511

Anthony Sutton, Esq.
Ryan, Ryan, Johnson & Deluca, LLP
P.O. Box 3057
Stamford, CT 06905

_____
Lori A. McCarthy

G:\F & A\CASE FILES\Norfolk Southern Occupational\Hearing Loss\Caffrey\Pleadings\RRPD.7.30.03.doc