N. UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES E. CAFFREY ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CIVIL ACTION NO.: |
| ) | 3:02 CV 1884 (CFD) |
| METRO-NORTH RAILROAD ) | FELA HEARING LOSS CASES – MAY BE |
| COMPANY, et al. ) | FILED IN NEW HAVEN AS ORDERED BY |
| ) | MAGISTRATE JUDGE MARGOLIS |
| Defendants. ) | |
| ) | March 3, 2004 |

**DEFENDANTS, CONSOLIDATED RAIL CORPORATION AND AMERICAN FINANCIAL GROUP, INC.'S MOTION FOR PROTECTIVE ORDER RE: PLAINTIFFS' NOTICE OF 30(b)(6) DEPOSITION(S) TO DEFENDANT CONSOLIDATED RAIL CORPORATION AND PLAINTIFFS' NOTICE OF 30(b)(6) DEPOSTION(S) TO DEFENDANT AMERICAN FINANCIAL GROUP, INC.**

The defendants, Consolidated Rail Corporation ("Conrail") and American Financial Group, Inc. ("Penn Central"), in the above-entitled matters, pursuant to Fed.R.Civ.P. Rules 26(c) and 30(b)(6), hereby move that a protective order be entered by the Court relative to the *Plaintiffs' Notice of 30(b)(6) Deposition(s) Defendant Consolidated Rail Corporation,* whereby the plaintiffs' requests are limited in the scope of disclosure and/or discovery and relative to the *Plaintiffs' Notice of 30(b)(6) Deposition(s) Defendant American Financial Group, Inc.*, whereby the deposition not be had, as discussed more fully in the defendants' *Memorandum of Law*, filed herewith. Also, pursuant to Fed.R.Civ.P. Rule 26(c), the parties have conferred, in good faith, in an attempt to resolve the matters relating to the instant *Motion*,

1

as evidence in the accompanying *Certificate*, and have been unable to reach a mutually satisfactory resolution.

As grounds for the instant *Motion*, the defendants state as follows: (1) that the testimony sought by the plaintiffs, as evidenced by the Items listed within their *Notice of Conrail's 30(b)(6) Deposition*, which is attached to the defendant's *Memorandum of Law* as Exhibit A, are irrelevant, overly broad and cumulative, and that the potential benefit of the testimony requested does not outweigh the burden and expense that would necessarily be incurred by Conrail; and (2) that the plaintiffs' *Notice of Penn Central's 30(b)(6) Deposition* not be had, as there is no witness who can designated to testify since Penn Central is no longer in existence.

Accordingly, the defendants respectfully request that the instant *Motion* be GRANTED, and that the discovery and/or testimony sought by the plaintiffs be limited accordingly.

    Respectfully submitted,
    CONSOLIDATED RAIL CORPORATION and
    AMERICAN FINANCIAL GROUP, INC.
    By their Attorneys,

    _____
    Michael B. Flynn,#ct21215
    Lori A. McCarthy #ct19557
    FLYNN & ASSOCIATES, P.C.
    189 State Street, Sixth Floor
    Boston, MA 02109
    (617)722-8253
    (617)722-8254 (facsimile)

## **CERTIFICATION**

      This is to hereby certify that a copy of the foregoing has been hand-delivered this 3rd day of March, 2004, to the following:

Scott E. Perry, Esq.
Cahill & Goetsch, P.C.
43 Trumbull Street
New Haven, CT 06511

Anthony D. Sutton, Esq.
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street
P.O. Box 3057
Stamford, CT 06905

                                              _____
                                                   Lori A. McCarthy

G:\F & A\CASE FILES\CSX OCCUPATIONAL\HEARING LOSS\General Hearing Loss\Pleadings\Defs motion to compel rrpd.12.10.03.doc