UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

———————————————————————X

SAMUEL J. COMPO,

CIVIL ACTION

    Plaintiff

NO: 3:02CV1675(PCD)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

    Defendants

FEBRUARY 4, 2004

———————————————————————X

———————————————————————X

ROBERT L. FUDA,

CIVIL ACTION

    Plaintiff

NO. 3:02CV01678 (RNC)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

    Defendants

FEBRUARY 4, 2004

———————————————————————X

———————————————————————X

JOHN P. GEARY,

CIVIL ACTION

    Plaintiff

NO. 3:02CV01679 (WWE)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

    Defendants

FEBRUARY 4, 2004

———————————————————————X

**FELA HEARING LOSS CASE.  MAY BE FILED IN NEW HAVEN AS ORDERED BY MAGISTRATE JUDGE MARGOLIS.**

————————————————————————X

THOMAS KINIRY,

     Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

     Defendants

————————————————————————X

CIVIL ACTION

NO. 3:02CV01680 (JBA)

FEBRUARY 4, 2004

————————————————————————X

RICHARD K. LASKEVITCH,

     Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

     Defendants

————————————————————————X

CIVIL ACTION

NO. 3:02CV01676 (GLG)

FEBRUARY 4, 2004

————————————————————————X

JOHN RAGGI,

     Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

     Defendants

————————————————————————X

CIVIL ACTION

NO. 3:02CV01681 (GLG)

FEBRUARY 4, 2004

_____X

EDWARD P. RUSSO,

     Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

     Defendants
_____X

CIVIL ACTION

NO. 3:02CV01682 (JCH)

FEBRUARY 4, 2004

_____X

JAMES SCOFIELD,

     Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

     Defendants
_____X

CIVIL ACTION

NO. 3:02CV1683 (JCH)

FEBRUARY 4, 2004

_____X

MICHAEL SELMONT,

     Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

     Defendants
_____X

CIVIL ACTION

NO. 3:02CV1677 (GLG)

FEBRUARY 4, 2004

_____X

MILLARD J. SULLIVAN,

     Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

     Defendants

CIVIL ACTION

NO. 3:02CV01684 (JCH)

FEBRUARY 4, 2004

_____X

_____X

FRANCIS BAKUTIS,

     Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

     Defendants

CIVIL ACTION

NO. 3:02CV01877 (MRK)

FEBRUARY 4, 2004

_____X

_____X

ROBERT C. BLACK,

     Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

     Defendants

CIVIL ACTION

NO. 3:02CV01873 (AVC)

FEBRUARY 4, 2004

_____X

_____X

JAMES CAFFREY,

       Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

       Defendants

_____X

CIVIL ACTION

NO. 3:02CV01884 (CFD)

FEBRUARY 4, 2004

_____X

CHARLES KANE,

       Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

       Defendants

_____X

CIVIL ACTION

NO. 3:02CV01878 (CFD)

FEBRUARY 4, 2004

_____X

FREDERICK N. KOVAL,

       Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

       Defendants

_____X

CIVIL ACTION

NO. 3:02CV01879 (GLG)

FEBRUARY 4, 2004

_____X

SIGISMONDO LoVERME,

       Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

       Defendants
_____X

CIVIL ACTION

NO. 3:02CV01880 (PCD)

FEBRUARY 4, 2004

_____X

ALFRED C. SCHUMACHER,

       Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

       Defendants
_____X

CIVIL ACTION

NO. 3:02CV01875 (AHN)

FEBRUARY 4, 2004

_____X

TIMOTHY STRAND,

       Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

       Defendants
_____X

CIVIL ACTION

NO. 3:02CV01883 (AWT)

FEBRUARY 4, 2004

_____X

TIMOTHY SWEENEY,

     Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

     Defendants

_____X

CIVIL ACTION

NO. 3:02CV01872 (RNC)

FEBRUARY 4, 2004

### PLAINTIFFS' NOTICE OF 30(b)(6) DEPOSITION(S) TO DEFENDANT CONSOLIDATED RAIL CORPORATION

    PLEASE TAKE NOTICE that pursuant to F.R.C.P. 30(b)(6) the plaintiffs in the above-entitled actions will take the deposition of one or more officers, directors, or managing agents, or other persons who consent to testify on Consolidated Rail Corporation's behalf concerning the following matters:

    1. All hearing conservation efforts made by Conrail with respect to the above-captioned plaintiffs and the years any such efforts were made.

    2. Conrail's efforts to educate the above-captioned plaintiffs about the risks associated with exposure to loud noises, including the years any such efforts were made.

    3. Conrail's efforts to warn the above-captioned plaintiffs about the risks associated with exposure to loud noises, including the years any such efforts were made.

    4. Conrail's efforts to reduce exposure to loud noise for the above-captioned plaintiffs, including the years any such efforts were made.

    5. Conrail's efforts to provide the above-captioned plaintiffs with hearing protection, including the years any such efforts were made.

6.  Conrail's efforts to measure noise levels in and around maintenance of way equipment, track department equipment, including the years any such efforts were made and the results of any such efforts.

7.  Conrail's efforts to measure noise levels in and around tie gangs, surfacing gangs, rail gangs, yard gangs and Maintenance of Way equipment shops, including the year any such efforts were made and the results thereof.

8.  Conrail's efforts to measure noise levels at the work locations of the above-captioned plaintiffs and the years any such efforts were made and results thereof.

9.  All noise testing and test results performed by Conrail or by its agents, consultants or contractors on the following equipment and/or locations from 1976 through the present:

> Locomotive Engines, FL 9s, Budd Cars, SPVs, Air Compressors, Hydraulic Equipment, Wheel Presses, Locomotive Test Areas, Air Brakes, Metal Cutting Lathes, Boring Mill Machines, Hilty Guns, Bolt Driver-bucket-truck motors, Diesel Shops, Diesel Engines, Diesel Generators, Generators in Power Substations, Bonding Machines, Drilling Machines, Chop Saws, Tie Gang Equipment, Track Department Equipment, Ballast Regulators, Vacuum Trucks, "Suck Trucks," Tampers, Sweepers, Welded Rail Jobs, Concrete Tie Jobs, Jackhammers, Locomotive Horns, Locomotive Whistles, Track Department Equipment Horns, Boilers, Steam Generators, Boiler Rooms, Oil Pumps, Condenser Rooms, Electric Train Engines, Drilling Machines, Chain Saws, Snow Blowers, Leaf Blowers, Hydraulic Drills, Hydraulic Saws, High Voltage Switch Explosions, Tamping Equipment, Spikers, Grinders, Bucket Trucks, Spike Pullers, Rail Saws, Tampers, Track Cranes, Pile Drivers, Sweepers, Welding Equipment, Work Trains, Tie Inserters, Tie Injectors, Power Saws, Abrasive Saws, Rail Grinders, Pneumatic Hammers, Tie Shears, Tie Handlers, Hydraulic Cranes, Burro Cranes, American Cranes, Tie Borers, Spike Pullers, Nut Runners, Bonding Machines, Drilling Machines, Chop Saws, Little Giant Cranes, Air Compressors, Back Hoe Stamper, Scarafire, Plate Machines, Snow Jets, Bulldozers, Lining Machines, Gas Engines and Generators, and Retarders.

10. Conrail's "Proposed Hearing Conservation Work Plan" dated March 17, 1981 (attached as Appendix 1 to the plaintiffs' January 16, 2004 Request To Admit); including all the reasons why the document was prepared, all the reasons why Conrail was trying to implement a hearing

conservation program and the identity of the individuals who made the decision to implement such a plan.

11.  Conrail's March 20, 1981 meeting in the Medical Center concerning Conrail's Hearing Conservation Program."

12.  Conrail's "Proposed Hearing Conservation Amendment" dated October 28, 1981 (attached as Appendix 2 to the plaintiffs' January 16, 2004 Request to Admit); including all comments Conrail submitted to OSHA re: same.

13.  Conrail's December 10, 1981 Hearing Conservation Meeting and Memo pertaining to same (attached as Appendix 3 to the plaintiffs' January 16, 2004 Request to Admit).

14.  F.J. Ilsemann's presentation to upper management on "Noise".

15.  "Noise and You The ABC's of Hearing Conservation"  (attached as Appendix 4 to the plaintiffs' January 16, 2004 Request to Admit); including to who and what departments it was distributed and whether it was distributed by Conrail at any training programs.

16.  Conrail's November 17, 1982 Memorandum re: Hearing Conservation Program and Guidelines (attached as Appendix 5 to the plaintiffs' January 16, 2004 Request to Admit) and all "other equipment not listed above, but deemed noisy" as referenced on Exhibit A of App. 5 and whether such equipment was included in Conrail's Hearing Conservation Program and when it was included in Conrail's Hearing Conservation Program.

17.  All the reasons why Conrail did not implement a hearing conservation program in the 1970's.

18.  "Conrail Hearing Conservation Program" 5 page memo, the date/year it was drafted, the individuals responsible for drafting it, the departments, crafts, work locations and individuals to whom it was distributed and when it was distributed to same (attached as Appendix 6 to the plaintiffs' January 16, 2004 Request to Admit).

19. Conrail's October 17, 1988 letter from Richard Sanborn to "Conrail Employee" and attachments (attached as Appendix 7 to the plaintiffs' January 16, 2004 Request to Admit); including when the document on the fourth page of App. 7 was prepared and distributed; to whom it was distributed; all the potential "noise hazards" turned up in Conrail's noise surveys as referenced in paragraph 4; and all the "affected areas" referenced in paragraph 4.

20. Conrail's March 16, 1992 Safety Bulletin re: Hearing Protection Update (attached as Appendix 8 to the plaintiffs' January 16, 2004 Request to Admit).

21. Conrail's January 25, 1995 Memorandum re: Hearing Conservation Program Policy and Procedure Manual and the accompanying materials (attached as Appendix 9 to the plaintiffs' January 16, 2004 Request to Admit).

22. "What you should know about On-The-Job Hearing Conservation" (attached as Appendix 10 to the plaintiffs' January 16, 2004 Request to Admit); including when it was distributed, why it was distributed, to who distributed it and to whom it was distributed.

23. The work locations, departments, job descriptions and crafts of the first one hundred individuals who brought hearing loss claims against Conrail and the years said claims were made and/or brought.

24. All written instructions and/or materials Conrail provided to the above-captioned plaintiffs by Conrail pertaining to hearing protection and limiting or reducing exposure to noise.

25. The names, titles and addresses of defendants' employees involved in drafting, formulating and implementing defendants' hearing conservation measures and policies.

26. The names, titles, last known addresses of the members of defendant's Safety Department from 1976 through 1984.

27. Conrail's hearing conservation measures and policies, including all hearing conservation efforts and activities undertaken by members of defendants Health Services and Safety Departments from 1976 through the present.

28. Conrail's 1979 Maintenance of Way Noise Survey.

29. Conrail's membership status with respect to the Association of American Railroads (AAR) from 1976 through 1988 including the identity of any Conrail representatives who attended any meetings or conferences sponsored by the AAR that discussed noise induced hearing loss and the contents of all documents distributed at any such meetings or conferences.

30. All written rules, regulations, and/or guidelines implemented by Conrail between 1976 and 1984 requiring any of the above-captioned plaintiffs to wear hearing protection at any time as part of their job.

31. The names and job titles of all Conrail employees or officers who were members of the Medical And Surgical Officers section of the AAR and the years they were members.

32. Conrail's hearing conservation program.

on **Friday, March 5, 2004 at 9:30 a.m.** at the office of CAHILL & GOETSCH, P.C., 43 Trumbull Street, New Haven, Connecticut, upon oral examination pursuant to the Federal Rules of Civil Procedure before an Official Court Reporter, or before some other competent authority.

The oral examination will continue from day to day until completed. You are invited to attend and cross-examine.

FOR THE PLAINTIFFS,

By_____
   Scott E. Perry (ct17236)
   CAHILL & GOETSCH, P.C.
   43 Trumbull Street
   New Haven, Connecticut  06511
   (203) 777-1000

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was faxed and mailed, postage prepaid, on this 4th

day of February, 2004, to Lori A. McCarthy, Esq., Flynn & Associates, P.C., 189 State Street, 6th Floor,

Boston, Massachusetts 02109; and to Anthony D. Sutton, Esq., Ryan, Ryan, Johnson & Deluca, LLP,

80 Fourth Street, P.O. Box 3057, Stamford, Connecticut  06905.


_____
Scott E. Perry